**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DONALD MAYNARD, 1162511,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:09-CV-0038-M** |
| | ) | **ECF** |
| **JUSTIN DYE, ET AL.,** | ) | |
| **Defendants.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

## I.  Parties

Plaintiff is currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division.  He brings this suit pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*.  Defendants are Justin Dye, the Dallas Police Department, court reporter Victoria Franklin and Judge Manny Alvarez.

## II.  Background

Plaintiff was convicted of aggravated sexual assault of a minor and sentenced to life in prison.  He argues that the complainant, Justin Dye, lied to police regarding the sexual assault. He also states that the Dallas Police Department violated his rights during his arrest, detention

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -1-

and interview.  Plaintiff argues that the court reporter, Victoria Franklin, unlawfully altered the trial transcripts.  He also states that Judge Manny Alvarez unlawfully removed him from the courtroom during jury selection.  Finally, he states the evidence was insufficient to support his conviction.  He seeks money damages for slander, illegal arrest and mental suffering.[1]

## III.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A complaint is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490

---

[1]Plaintiff filed correspondence which suggests that he also seeks to challenge his conviction.  Habeas corpus claims, however, are not proper under § 1983.  Additionally, to the extent that any of Plaintiff's claims arise under state law, these claims should be brought in state court, since this Court recommends that the federal question claims be dismissed.

**Findings and Conclusions of the**
**United States Magistrate Judge**            Page -2-

U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## IV.  Discussion

### 1.      Justin Dye

Plaintiff alleges that the complainant in his criminal trial, Justin Dye, lied to police about the sexual assault allegations.  To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  In this case, Justin Dye is a private citizen and Plaintiff has failed to show that Dye acted under color of state law.  Plaintiff's claims against this Defendant should be dismissed.

### 3.      Immunity

Plaintiff argues that Judge Manny Alvarez violated his civil rights when he removed Plaintiff from the courtroom during jury selection.  This claim, however, is barred by immunity.  The United States Supreme Court has recognized absolute judicial immunity for judges acting in the performance of their judicial duties.  *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982).  Plaintiff's claim should be dismissed.

### 4.      Heck v. Humphrey

Plaintiff argues the Dallas Police Department unlawfully arrested him, searched his apartment, took evidence from him, taped a phone call, failed to read him his Miranda rights, and failed to obtain a warrant.  Plaintiff also argues that the court reporter, Victoria Franklin, altered

the trial transcripts to convict him.  Additionally, he states the evidence at trial was insufficient to convict him.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge.  *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's conviction has not been reversed, expunged, or otherwise invalidated.  (*See* Magistrate Judge's Questionnaire, Answer No. 2).  Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's § 1983 claims against Defendants Dye and Alvarez be dismissed with prejudice as frivolous; and (2) Plaintiff's § 1983 claims against the Dallas Police Department and Defendant Franklin be dismissed with prejudice until the *Heck* conditions are met.

Signed this 9th day of June, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the
United States Magistrate Judge**          Page -6-